William A. Hecht, Esq. (WAH 1517)
WILLIAM A. HECHT, P.C.
690 North Broadway, Suite 203
White Plains, New York 10603
(914) 946-0647
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYU HOSPITALS CENTER-TISCH, | ECF CASE |
| Plaintiff, | |
| - against - | No. 04-CV-06937 (AKH) |
| LOCAL 348 HEALTH AND WELFARE FUND, | |
| Defendant. | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THE
ABOVE-ENTITLED ACTION TO STATE COURT

William A. Hecht,
of Counsel

FACTS

Plaintiff is suing defendant for defendant's breach of a contract that is independent of defendant's contract with its participants and beneficiaries to recover the balance of the contractual rate defendant owes plaintiff on a claim because defendant was not entitled to the contractual discount it took. The following are the pertinent allegations of the complaint.

Plaintiff contracted with MultiPlan, Inc. ("MultiPlan"), a preferred provider organization, to provide hospital services to persons entitled to health care benefits from payor clients of MultiPlan at negotiated discounted rates provided plaintiff was paid within a specified time. (Complaint, ¶ 3.) If payment was not made within that time, MultiPlan's payor clients were obligated to pay plaintiff the total amount of the charges incurred ("total charges"). (Complaint, ¶ 4.) Defendant, upon information and belief, was a payor client of MultiPlan on the relevant dates pursuant to a contract between defendant and MultiPlan. (Complaint, ¶ 6.) Plaintiff is a third-party beneficiary of that contract, which plaintiff believes prescribes the same time limit to pay a claim to be entitled to the contractual discount as does plaintiff's contract with MultiPlan. (Complaint, ¶¶ 7-8.)

Defendant failed to pay plaintiff within the prescribed time to be entitled to discount plaintiff's claim for services rendered to Lily Chan from August 30, 2003 to August 31, 2003. (Complaint, ¶¶ 9 and 13.) Therefore, defendant is liable to pay plaintiff its total charges and having paid less than that amount owes plaintiff the balance of total charges. (Complaint, ¶¶ 14-15.)

1

## LEGAL ARGUMENT

## POINT I

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM BECAUSE THE CLAIM IS NOT PREEMPTED BY ERISA

Under 28 U.S.C. § 1441 removal is proper only if the federal court has original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) (2000). This removal statute is to be strictly construed and "[a]ll doubts about jurisdiction are to be resolved in favor of remand." *Macro v. Indep. Health Ass'n.*, 180 F. Supp.2d 427, 431 (W.D.N.Y. 2001).

Defendant alleges that removal jurisdiction exists under 28 U.S.C. § 1441(b), which allows removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . without regard to the citizenship of the parties." The federal law under which defendant alleges the instant action arises is section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), which, provides that a participant or beneficiary in an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (2000). Defendant mischaracterizes plaintiff's claim.

As stated in the complaint, plaintiff's breach of contract claim arises from the terms of the preferred provider agreement between defendant and MultiPlan, Inc. ("MultiPlan"), of which plaintiff is a third-party beneficiary, not from the terms of defendant's employee welfare benefit plan. Therefore plaintiff's complaint neither asserts a violation of federal law nor seeks to

2

enforce a right granted by federal law. Accordingly, under the "well-pleaded complaint" rule no federal question is presented.

The "well-pleaded complaint" rule provides that a cause of action arises under federal law for jurisdictional purposes only if a federal question is presented on the face of a properly pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Atlantis Health Plan, Inc. v. Local 713, I.B.O.T.U.*, 258 F. Supp.2d. 284, 289 (S.D.N.Y. 2003); *Macro*, 180 F. Supp.2d at 432. The plain language of plaintiff's complaint does not present any federal question. Moreover, this is not a case where the complete preemption doctrine converts a claim pleaded under state law into a federal claim for purposes of the well-pleaded complaint rule. To remove a claim because of complete preemption under ERISA it must be shown that the claim is preempted under 29 U.S.C. § 1144(a) and falls within the civil enforcement provisions of 29 U.S.C. § 1132(a). *Franklin H. Williams Ins. Trust v. Travelers Ins. Co.*, 50 F.3d 144, 149 (2d Cir. 1995). The facts of this case do not satisfy either prong of this two-prong test.

The first prong of the complete preemption test requires that a claim be preempted by ERISA. ERISA preempts state laws that "relate to" a benefit plan. 29 U.S.C. § 1144 (2000). A state law relates to ERISA if it has a "reference to" or a "connection with" an ERISA plan. *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997). A state law has a "reference to" an ERISA plan where it "acts immediately and exclusively upon ERISA plans . . . , or where the existence of ERISA plans is essential to the law's operation." *Id.* at 325.

In *Cicio v. Does*, 321 F.3d 83, 93 (2d Cir. 2003), *rev'd on other grounds sub nom Vytra Healthcare v. Cicio*, 124 S. Ct. 2902 (2004), the court found that the plaintiff's state law claim for medical malpractice against, among others, an employee benefit plan did not have a

3

"reference to" an ERISA plan. A common law action for medical practice does not, the court noted, act immediately and exclusively on ERISA plans and ERISA plans are not essential to the law's operation. *Id.* The same is true of plaintiff's common law action for breach of contract and therefore plaintiff's claim does not have a "reference to" an ERISA plan either.

A state law has a "connection with" an ERISA plan if it "mandates employee benefit structures or their administration or provides alternate enforcement mechanisms." *Plumbing Indus. Bd. v. E. W. Howell Co., Inc.*, 126 F.3d 61, 67 (quotation and internal punctuation omitted.) In *Raff v. Travelers Ins. Co.*, No. 90 Civ. 7673, 1997 WL 473282 (S.D.N.Y. May 28, 1997), the court found that a state law claim arising from an agreement between a welfare benefit plan and its insurance provider requiring the plan to maintain a fund its insurance provider could draw on to offset charges incurred on claims in excess of premiums paid did not have a "connection with" an ERISA plan. The court found that the action was not about the regulation or administration of an ERISA plan but rather was about a welfare plan's contractual relationship with an insurance provider. *Id.* at *3 & n.3. Likewise in the instant matter plaintiff's claim concerns only plaintiff's contractual relationship with the defendant and therefore plaintiff's claim does not have a "connection with" an ERISA plan either. Since plaintiff's claim does not have a "reference to" or a "connection with" defendant's ERISA plan it is not preempted by ERISA.

The instant action is similar to *Thrift Drug, Inc. v. Universal Prescription Administrators*, 890 F. Supp. 319 (S.D.N.Y. 1995), 131 F.3d 95 (2d Cir. 1997), in which the Second Circuit Court of Appeals found the plaintiff's claim was not preempted by ERISA. The plaintiff in *Thrift* had a contract with an administrator of drug benefit plans to serve as a "panel pharmacy" where individuals enrolled in the drug benefit plans could have their prescriptions

4

filled and pay only a co-payment charge. *Id.* at 96. The balance of the amount due for the prescriptions was paid by the administrator, who, in turn, was reimbursed by its clients. 890 F. Supp. at 320. Plaintiff sued the administrator, among others, for breach of contract based on the administrator's failure to pay for certain prescriptions plaintiff had filled. 131 F.3d at 96.

The defendant alleged that the plaintiff's claim was "a claim for benefits under ERISA benefits plans, on behalf of the participants and beneficiaries in the welfare benefit plans." *Id.* at 98 (internal punctuation omitted). The court found that it was not. In so finding, the court stated that the plaintiff's contract claim, "relate[d] only to the contractual relationship between a plan and its service provider and d[id] not remotely touch upon the relationship between the plan and its beneficiaries." *Id.* Accordingly, the court held the claim was not preempted by ERISA. *Id.*

Plaintiff in the instant action, like the plaintiff in *Thrift*, is suing on its own behalf to recover damages for breach of a contract that is independent of any contract between defendant and its participants and beneficiaries. So plaintiff's claim likewise has nothing to do with the relationship between defendant and its participants and beneficiaries and defendant's allegation to the contrary, like that of the defendants in *Thrift*, is completely baseless.

Since it is unequivocally clear from a reading of the complaint that plaintiff's claim does not seek to recover benefits due under the terms of defendant's plan as defendant alleges and, moreover, that plaintiff's claim does not raise an issue of preemption under ERISA since it does not in any way "relate to" an ERISA plan as that term has been interpreted by the courts, removal of this action was improper and plaintiff should be awarded an attorneys' fee and the costs of this motion as provided for in 28 U.S.C. § 1447(c).

As plaintiff's claim is not preempted by ERISA, the first prong of the complete preemption test is not satisfied. Remand is therefore mandated and inquiry into whether the

5

second prong of the test is satisfied is not necessary for the purpose of deciding this motion. Such inquiry, however, establishes that the second prong of the test is not satisfied either.

POINT II

<u>PLAINTIFF'S STATE LAW BREACH OF CONTRACT CLAIM
DOES NOT CONFLICT WITH AN ERISA CAUSE OF ACTION</u>

The second prong of the complete preemption test requires that a claim seek to redress a violation of a right expressly guaranteed by ERISA and exclusively enforced by section 502(a) of ERISA. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990). In *Atlantis Health Plan, Inc. v. Local 713, I.B.O.T.U.*, 258 F. Supp.2d. 284 (S.D.N.Y. 2003), the court found that a suit by a health maintenance organization against a union welfare fund to recover premiums owed under an agreement pursuant to which the health maintenance organization provided medical insurance to members of the union's welfare fund did not come within the civil enforcement provisions of section 502(a) of ERISA. The court noted that the plaintiff was suing in its individual capacity for its own benefit to recover monies owed to it under a contract with the defendant and that such a cause of action was not one of the civil remedies specified in ERISA section 502(a). *Id.* at 295. This was so, the court stated, even if the plaintiff was an ERISA fiduciary as the defendants alleged since a fiduciary can seek to recover money damages only on behalf of an ERISA plan, not on its own behalf. *Id.* Therefore, the court held that the plaintiff's claim was not subject to removal. *Id.*

Likewise plaintiff's claim is not within the scope of section 502(a). As noted above defendant alleges this court has jurisdiction under section 502(a)(1)(B) of ERISA. Plaintiff, however, is not a participant or beneficiary in defendant's plan and is not proceeding as the assignee of such a person. Plaintiff is suing in its individual capacity and is not a person entitled

6

to bring an action under section 502(a)(1)(B) of ERISA. Further plaintiff is not suing to recover benefits due under the terms of the plan, but rather, like the plaintiff in *Atlantis*, for "monies owed to it under a contract" with defendant. *Id.* Therefore, plaintiff's claim, like that of the plaintiff in *Atlantis*, does not seek to redress a violation of a right guaranteed by ERISA and exclusively enforced by section 502(a) of ERISA. *Id.* Accordingly, the second prong of the complete preemption test is not satisfied.

## POINT III

### DEFENDANT FAILED TO FOLLOW THE PROCEDURE FOR REMOVAL

Defendant's failed to follow the mandated procedure for removing this action. Under 28 U.S.C. § 1446(d) written notice of removal of a civil action is to be given promptly after the notice of removal has been filed. Defendant served plaintiff with its "Notice of Filing Notice of Removal" before the notice of removal had even been filed with the district court.

## CONCLUSION

For the reasons set forth above, the instant action must be remanded to the Civil Court of the City of New York, County of New York and plaintiff should be awarded attorney fees and costs of this motion pursuant to 28 U.S.C. § 1447(c).

Dated: White Plains, NY  
       September 23, 2004

WILLIAM A. HECHT, P.C.  
Attorneys for Plaintiff

By: _____  
William A. Hecht, Esq. (WAH 1517)  
690 North Broadway  
White Plains, New York 10603  
(914) 946-0647

7