J. WARREN MANGAN, ESQ. (JWM 8773)
O'CONNOR & MANGAN, P.C.
One Hunter Street
Long Island City, NY   11101
718-361-7950
Attorneys for Defendant
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

NYU HOSPITALS CENTER-TISH,

                Plaintiff,

                                                          04-CV-06937

- against -


LOCAL 348 HEALTH AND WELFARE FUND,

                Defendant.

-----------------------------------------------------------------------X


**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND THIS ACTION**




                                                            J. WARREN MANGAN
                                                            OF COUNSEL

**TABLE OF CONTENTS**

**Page**

**TABLE OF AUTHORITIES**
    **Cases**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i
    **Statutes**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**PRELIMINARY STATEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**LEGAL ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    **REMAND IS INAPPROPRIATE BECAUSE THIS**
    **COURT HAS JURISDICTION EITHER UNDER**
    **29 U.S.C. §1132(e) OR 28 U.S.C. §1331**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **A.  JURISDICTION RESTS IN THIS COURT PURSUANT TO**
        **THE "COMPLETE PREEMPTION" DOCTRINE**. . . . . . . . . . . . . . . . . . . . . .2

  **CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

## PRELIMINARY STATEMENT

NYU Hospitals Center-Tisch ("Hospital") has commenced a civil action ("Action") against Local 348 Health and Welfare Fund ("Fund") to recover additional reimbursement from the Fund for medical services provided to Lily Chan ("Chan"), a Fund participant. The Action was commenced in the Civil Court of the City of New York, County of New York.

The Fund removed the Action to this Court on the grounds of federal question jurisdiction resulting from a claim that arises under the Employee Retirement Income Security Act ("ERISA"). The Hospital has moved before this Court to remand the Action on the ground that no federal question is presented in its complaint ("Complaint").

## LEGAL ARGUMENT

### REMAND IS INAPPROPRIATE BECAUSE THIS COURT HAS JURISDICTION EITHER UNDER 29 U.S.C. §1132(e) OR 28 U.S.C. §1331

This Court has jurisdiction over the Complaint either under the specific grant of exclusive federal jurisdiction found in Section 502(e) of ERISA, 29 U.S.C. §1332(e), or under 28 U.S.C. §1331, since this action "arises under" the federal common law of employee benefit plans. " 'Congress … so completely pre-empted [this] particular area that any civil action raising this select group of claims is necessarily federal, in character'." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66, 107 S.Ct. 1542, 1546, 95 L.Ed. 2d 55 (1987). The proper focus is not on the relationship between the parties herein but on the relationship between the alleged conduct in the Complaint and the alleged non-payment for medical services rendered to a Fund

participant. Congress clearly intended to make any state law claim arising from medical services provided to an employee benefit fund participant an exclusive federal question, for purposes of jurisdiction, and removable to federal court under 28 U.S.C. §1441(b). The Hospital's argument to the contrary is legally flawed.

### A. JURISDICTION RESTS IN THIS COURT PURSUANT TO THE "COMPLETE PREEMPTION" DOCTRINE

The doctrine of complete preemption applies when one of two circumstances is present: **first**, when a federal statute creates a cause of action vindicating the same interest that the state court action seeks to vindicate; and **second**, when there is affirmative evidence of a congressional intent to permit removal despite the claimant's exclusive reliance on state law. Id.

In this case, ERISA created a federal cause of action for those seeking to recover benefits due under the terms of an "employee welfare benefit plan". See: 29 U.S.C. §§1002(1) and 1132(a), (e). Courts have long held that suits for benefits allegedly due under the terms of an employee welfare benefit plan fall within the "complete preemption" doctrine, even though the claimant(s) may allege only state-law claims. Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 275 (3rd Cir. 2001).

Courts that have considered the issue of whether healthcare providers fall within the definition of "beneficiary" under 29 U.S.C. §1002(8) have found that such providers "stand in the shoes" of plan beneficiaries. See: Kennedy v. Connecticut Gen. Life Ins. Co., 924 F.2d 698, 699 (7th Cir. 1991); City of Hope Nat'l. Med. Ctr. v. Healthplus, Inc., 156 F.3d 223, 238 (1st Cir. 1998). Further, as noted in Albert Einstein Med. Ctr. v. National Benefit Fund for Hosp. & Health Care Employees, 740 Fed. Supp. 343 (E.D. Pa. 1989), "the legislative history of [Section 502(a)(1)(B)] makes clear that Congress clearly intended to make suits within the scope of this

section exclusive federal questions for purpose of federal court jurisdiction." Id. at 350, citing Metropolitan, 481 U.S. at 66 (1987). See also: Charter Fairmont Institute, Inc. v. Alta Health Strategies, 835 Fed. Supp. 233, 239-40 (E.D. Pa. 1993) (discussing Congressional intent to permit removal of similar suit).

Congress has mandated "complete preemption" in any case with regard to ERISA. "Any civil complaint raising a state law claim in [a preempted] area of law is of necessity so federal in character that it arises under federal law for the purposes of 28 U.S.C. §1331 and permits removal to federal court under 28 U.S.C. §1441. Plumbing Industry Bd., Plumbing Local Union No. 1 v. E. W. Howell Co., Inc., 126 F.3d 61, 66 (2nd Cir. 1997). Both prongs for a valid removal of this case have been met: (1) the third-party beneficiary action of a health care provider is preempted by ERISA, and (2) this cause of action is "within the scope" of the civil enforcement provisions of ERISA §502(a), 29 U.S.C. §1132(a), Howell 126 at F.3d at 66; Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 573 (2nd Cir. 1995). As this case falls within the "complete preemption" exemption to the well-pleaded complaint doctrine, removal to federal court was proper, and remand to state court would be inappropriate.

ERISA preempts state law claims that "relate to" any employee benefit plan. See: Section 514(a) of ERISA, 29 U.S.C. §§1441(a). Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1149, 95 L.Ed. 2d 39 (1987). The phrase "relate to" is given broad meaning such that a state law claim is completely preempted if "it has connection with or reference to that plan." Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 730, 732-33, 105 S.Ct. 2380, 55 L.Ed. 2d 728 (1985); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed. 2d 490 (1983).

The Complaint alleges a third party beneficiary breach of contract claim for the recovery of benefits from the Fund for health care services rendered to Chan. Clearly, the Hospital's

claim is completely preempted by ERISA as it sets forth a cause of action arising under ERISA. See: <u>Cromwell v. Equicor-Equitable HCA Corp.</u>, 944 F.2d 1272, 1277-8 (6th Cir. 1991); <u>Kirshter v. Principal Life Ins. Co.</u>, 186 F.Supp. 2d 438, 447-7 (S.D.N.Y. 2002) (citing decisions in the Second Circuit which make clear that breach of contract claims for a failure to pay benefits are completely preempted). In this case, Hospital asserts that it is entitled to compensatory damages, which is exactly the kind of claim that was rejected by the Supreme Court in <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed. 2d 635 (2002). Hospital's contract claim would impose a liability on the Fund that does not exist under ERISA. Therefore, this claim seeks to contradict ERISA by creating a new theory of recovery against the Fund.

Hospital asserts that it is connected to the Fund by its contract with MultiPlan, Inc. ("MultiPlan") for the provision of care to the Fund's participants. The Hospital's claim against the Fund involves the administration of benefits and the disbursement of payments under the Fund's benefit plan, matters of central concern to ERISA. The Complaint alleges that the Fund provides health care benefits to its participants and beneficiaries and that the Hospital should recover additional reimbursement from the Fund for medical services provided to Chan. The determination of whether the Hospital is entitled to any additional reimbursement will require this Court to interpret the Fund's plan of benefits, the assignability thereof, eligibility, covered services and the like. Because the Complaint presents issues of "central concern" to ERISA, it "arises under" federal common law principles governing employee benefit plans. As such, removal of the Complaint to this Court was proper.

**CONCLUSION**

For the foregoing reasons, remand of this action is not appropriate. This Court's jurisdiction is based upon either 28 U.S.C. §1331, because Hospital's claim "arises under" the federal common law of employee benefit plans, or, alternatively, upon 29 U.S.C. §1132(a), because Hospital seeks to recover benefits from the Fund.

                                                Respectfully submitted,

                                                O'CONNOR & MANGAN, P.C.

                                                _____

                                        By: J. WARREN MANGAN  (JWM 8779)
                                            Attorneys for Defendant
                                            One Hunter Street
                                            Long Island City, NY   11101
                                            718-361-7950, Ext. 15

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on October 28, 2004, the within DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THIS ACTION was served on the person listed below, by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York:

        William A. Hecht, P.C.
        Attorneys for NYU Hospitals Center-Tisch
        690 North Broadway, Suite 203
        White Plains, NY   10603

_____
J. WARREN MANGAN, ESQ.

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

Albert Einstein Med. Ctr. v. National Benefit Fund for
Hosp. & Health Care Employees, 740 Fed. Supp. 343 (E.D. Pa. 1989).................2

Charter Fairmont Institute, Inc. v. Alta Health Strategies,
   835 Fed. Supp. 233, 239-40 (E.D. Pa. 1993)....................................3

City of Hope Nat'l. Med. Ctr. v. Healthplus, Inc.,
   156 F.3d 223, 238 (1st Cir. 1998)............................................2

Cromwell v. Equicor-Equitable HCA Corp.,
   944 F.2d 1272, 1277-8 (6th Cir. 1991)........................................4

Great-West Life & Annuity Ins. Co. v. Knudson,
   534 U.S. 204, 122 S.Ct. 708, 151 L.Ed. 2d 635 (2002).........................4

Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 573 (2nd Cir. 1995).........3

Kennedy v. Connecticut Gen. Life Ins. Co., 924 F.2d 698, 699 (7th Cir. 1991)..........2

Kirshter v. Principal Life Ins. Co., 186 F.Supp. 2d 438, 447-7 (S.D.N.Y. 2002).........4

Metropolitan Life Ins. Co. v. Mass.,
   471 U.S. 724, 730, 732-33, 105 S.Ct. 2380, 55 L.Ed. 2d 728 (1985)................3

Metropolitan Life Ins. Co. v. Taylor,
   481 U.S. 58, 66, 107 S.Ct. 1542, 1546, 95 L.Ed. 2d 55 (1987)...................1, 3

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1149,
   95 L.Ed. 2d 39 (1987)........................................................3

Plumbing Industry Bd., Plumbing Local Union No. 1 v. E. W. Howell Co., Inc.,
   126 F.3d 61, 66 (2nd Cir. 1997)..............................................3

Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 275 (3rd Cir. 2001)................2

Shaw v. Delta Airlines, Inc., 463 U.S. 85, 103 S.Ct. 2890,
   77 L.Ed. 2d 490 (1983).......................................................3

**Statutes**                                                                 **Page**

Section 502(e) of ERISA, 29 U.S.C. §1332(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. §1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

28 U.S.C. §1441(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

29 U.S.C. §§1002(1) and 1132(a), (e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

29 U.S.C. §1002(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ERISA §502(a), 29 U.S.C. §1132(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 514(a) of ERISA, 29 U.S.C. §§1441(a). . . . . . . . . . . . . . . . . . . . . . . . . . . .3