William A. Hecht, Esq. (WAH 1517)
WILLIAM A. HECHT, P.C.
690 North Broadway, Suite 203
White Plains, New York 10603
(914) 946-0647
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYU HOSPITALS CENTER-TISCH, : | |
| : | ECF CASE |
| Plaintiff, : | |
| - against - : | No. 04-CV-06937 (AKH) |
| : | |
| LOCAL 348 HEALTH AND WELFARE FUND, : | |
| : | |
| Defendant. : | |

PLAINTIFF'S REPLY MEMORANDUM

William A. Hecht,
of Counsel

ARGUMENT

DEFENDANT'S ARGUMENT IN SUPPORT OF ITS REMOVAL OF
THE INSTANT ACTION IS WITHOUT MERIT

Glaringly absent from defendant's memorandum of law in opposition to plaintiff's motion is any citation to any authority that contradicts the authority cited by plaintiff establishing that its claim is not expressly or completely preempted by ERISA. Defendant simply ignores that authority. And that is not all defendant ignores. Defendant ignores the contractual relationship between defendant and plaintiff and persists in mischaracterizing plaintiff's complaint as "alleg[ing] a third party beneficiary breach of contract claim for the recovery of benefits from the Fund for health care services rendered to [a plan participant]."

It is not surprising that defendant does both since if plaintiff was asserting a common law breach of contract claim against the defendant to recover benefits from defendant as a third-party beneficiary of the patient's contract with defendant, such a claim would be preempted by ERISA. Plaintiff's claim is not, however, such a claim. Plaintiff is asserting a common law breach of contract claim against defendant to recover damages from defendant as a third-party beneficiary of defendant's contract with MultiPlan. As a payor of client of MultiPlan, defendant took a contractual discount on the total charges for the services plaintiff, as a preferred provider in MultiPlan's preferred provider organization, rendered to the patient . Defendant was not entitled to take the discount under the terms of the MultiPlan agreement and consequently owes plaintiff the balance of total charges.

In its notice of removal, defendant asserts that plaintiff's claim arises under section 502(a)(1)(b) of ERISA. Section 502(a) of ERISA was not enacted to provide a

1

mechanism whereby a third-party, such as plaintiff, could enforce its contract with an ERISA plan. Rather it, along with section 514(a), was enacted to limit participants and beneficiaries to the remedies specifically set forth therein to enforce their rights under their contract rights with an ERISA plan. *Plumbing Indus. Bd. v. E. W. Howell, Co. Inc.*, 126 F.3d 61, 68 (2d Cir. 1997) (citation omitted). The reason for doing so was the concern "that lack of uniformity and the administrative and financial burdens of compliance with conflicting state laws might work to the detriment of plan beneficiaries, and reduce the willingness of employers to adopt such plans . . . ." *Id*. at 66 (citation omitted). Since it was specific relationships Congress had in mind in enacting section 502(a), defendant's assertion that "the proper focus is not on the relationship between the parties herein" is preposterous. It is also unsupported by any authority cited by defendant and is, in fact, contradicted by *Albert Einstein Medical Center v. Nat'l Benefit Fund for Hosp. and Health Care Employees*, 740 F. Supp. 343 (E.D. Pa. 1989), which defendant cited as authority in its memorandum.

In *Einstein* hospitals asserted claims against an ERISA plan to recover the balance of their billed charges for services rendered to members of the plan under the theory, *inter alia*, that the hospitals were third-party beneficiaries of the contracts between defendant and its members. While noting that "[t]here [was] no question that the provisions of ERISA preempted the plaintiffs' third party beneficiary claims against the [defendant], *id*. at 347, the court went on to state, "[h]owever, <u>to the extent that plaintiffs are claiming an independent right to payment, apart from the terms of the plan, then these claims are not preempted</u>." *Id.* (emphasis supplied). And as an example of such a claim the court stated:

2

> [I]f plaintiffs attempt to prove that a direct independent contractual relationship existed between the plaintiffs and [defendant], for example, that an implied contract arose between the parties through a course of dealing, independent of the benefits payable under the plan, then ERISA would not preempt such a claim.

*Id.*

Further, defendant's contention that the relationship of the parties is irrelevant is contradicted by *Atlantis Health Plan, Inc. v. Local* 713, *I.B.O.T.U.*, 258 F. Supp.2d. 284 (S.D.N.Y. 2003) and *Thrift Drug, Inc. v. Universal Prescription Administrators*, 890 F. Supp. 319 (S.D.N.Y. 1995), 131 F.3d 95 (2d Cir. 1997) cited in plaintiff's memorandum of law in support of its motion to remand. In *Atlantis* and *Thrift* the courts found that the plaintiff's could enforce state law causes of action for breach of contract against an ERISA plan and an administrator of an ERISA benefit plan, respectively, with whom the plaintiffs had contracts concerning the provision of health care services to participants and beneficiaries in ERISA plans.

Defendant's allegation that plaintiff's claim is preempted by ERISA and its assertion, based on this allegation, that the first prong of the complete preemption test has been satisfied are based on defendant's mischaracterization of the complaint and are therefore groundless. Groundless also is defendant's assertion that the second prong of the complete preemption test has been satisfied because this assertion is likewise based on defendant's mischaracterization of the complaint. Defendant avers that "this cause of action is 'within the scope' of the civil enforcement provisions of ERISA . . . ." In explanation of this allegation defendant states, "[t]he Complaint alleges a third-party beneficiary breach of contract claim for recovery of benefits . . . and "the hospital's claim

3

is preempted by ERISA as it sets forth a cause of action under ERISA." Again defendant ignores the contractual relationship between the parties and mischaracterizes plaintiff's complaint as one to recover benefits from defendant. Since plaintiff's claim arises from an express contract independent of defendant's contract with the patient, it is not within the scope of ERISA's civil enforcement provision. See *Aetna Health Inc. v. Davila*, No. 02-1845 (U.S. June 21, 2004), 159 L. Ed.2d (advance sheets) 312, 328 (a cause of action for denial of coverage for medical care is completely preempted by section 502(a)(1)(B) where plaintiff is only entitled to such coverage because of terms of an ERISA plan and where no independent legal duty is violated.)

The authority defendant cites in support of its contention that plaintiff's complaint sets forth a cause of action under ERISA is completely inapposite. In *Cromwell v. Equicor-Equitable HCA Corp*., 944 F.2d 1272 (6th Cir. 1991), *cert. dismissed,* 505 U.S. 1233 (1992), a homecare provider sued an administrator of an employee benefit plan asserting common law causes of action to recover payment for services rendered to the spouse of a plan participant on certain dates. The plan denied payment for said services on the ground that the participant's employment had previously terminated and therefore he was not entitled to further benefits. *Id*. at 1275. The court found that the claims were preempted because "if allowed, [they] would affect the relationship between plan principals by extending coverage beyond the terms of the plan." *Id*. at 1276.

Plaintiff's claim has no such effect on defendant's relationship with its participant or beneficiaries because plaintiff's claim arises from a contract to which defendant's participants and beneficiaries are not parties. See *Thrift*, 131 F.3d at 98 (where administrator of benefit plan had contract with a pharmacy to pay for prescriptions for

4

enrollees in the plan, court found the pharmacy's lawsuit to recover payment for prescriptions filled for enrollees "[d]id not remotely touch upon the relationship between the plan and its beneficiaries.").

In *Kirshter v. Principal Life Ins. Co.*, 186 F. Supp.2d 438 (S.D.N.Y. 2002). the executor of a decedent's estate who was also the trustee of a trust set up by the decedent to receive benefits from life insurance policies provided by her employer sued the employer "alleg[ing] [inter alia] 1) that [the employer] breached its employment contract with [decedent] when it refused to pay benefits to which she was entitled under an ERISA plan; and 2) that [the employer] committed fraud by representing to [decedent] that she was entitled to benefits under an ERISA plan when, in fact, she received no such benefits." *Id*. at 446. The court found that these state law claims were preempted because "the express purpose of ERISA's preemption provision is to make the statute the 'exclusive remedy for rights guaranteed under ERISA.'" Id. at 447 (citation to quotation omitted).

Clearly this case has no bearing whatsoever on the instant matter. Plaintiff's breach of contract claim does not arise from a failure by defendant to pay benefits under its welfare plan but rather from defendant, as a payor client of MultiPlan, wrongfully discounting plaintiff's claim under the MultiPlan agreement. Unlike the plaintiff in *Kirshter* plaintiff is not seeking to enforce any right guaranteed by ERISA, but rather, is seeking to enforce its rights, and defendant's duties, under the MultiPlan agreement.

In *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), an insurance company which, pursuant to a stop-loss insurance agreement with an ERISA

5

plan, had paid benefits to a plan beneficiary injured in a car accident sued the beneficiary as the assignee of the plan's right to reimbursement of benefits paid that were recoverable from a third-party. The beneficiary had obtained a settlement in her personal injury action. *Id.* at 207-08. The insurance company brought its claim under section 502(a)(3) of ERISA seeking injunctive and declaratory relief to enforce the reimbursement provision and require the beneficiary to pay back the full amount of benefits she had received. *Id.* at 208.

The remedy provided in section 502(a)(3) is equitable relief. Since the plaintiff was seeking money damages the court affirmed summary judgment granted to defendant because the plaintiff's action was not authorized under section 502(a)(3). *Id.* at 221. The court specifically noted that "there may have been other means for petitioners to obtain the essentially legal relief that they seek," *id.* at 220, and said it expressed no opinion "whether a direct action by petitioners against respondents asserting state-law claims such as breach of contract would have been preempted by ERISA." *Id.*

Clearly *Great-West* does not support defendant's contention that "[plaintiff's] claim seeks to contradict ERISA by creating a new theory of recovery against the Fund" since plaintiff has not asserted an ERISA claim for which it seeks money damages, as did the plaintiff in *Great-West*. Again defendant's argument is based on its mischaracterization of plaintiff's complaint.

In concluding its argument the defendant states: the court will be required to "interpret the Fund's plan of benefits, the assignability [sic] thereof, eligibility, covered services and the like," and that therefore plaintiff's claim presents "issues of 'central concern' to ERISA" and consequently "'arises under' federal common law principles

6

governing employee benefit plans." Again defendant ignores its contract with MultiPlan and it is that contract that plaintiff seeks to enforce. Defendant's contract with the patient is ancillary. That it may be necessary to refer to defendant's plan documents to establish that the hospital stay at issue is subject to the MultiPlan contract because the patient was a participant in defendant's plan and the services rendered were covered services, does not make plaintiff's claim a cause of action presenting a federal question. See *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995), which was cited by defendant in its memorandum.

In *Greenblatt*, guardians of an ERISA plan administered pursuant to a collective bargaining agreement, sued an employer who failed to make certain benefit payments under the terms of the agreement and a surety on the bond it had furnished to guaranty the employer's obligation to make benefits payments. The action against the employer was stayed when it filed for bankruptcy and thereafter the surety filed a motion to dismiss for lack of subject matter jurisdiction. *Id.* at 567. The district court denied the motion. On appeal of a judgment entered after a bench trial the Court of Appeals reversed the district court's decision that it had subject matter jurisdiction and vacated all orders and dismissed the complaint. *Id*. at 566.

In proceeding against the surety on its bond one element of the plaintiff's claim was to prove that that the employer had defaulted under the collective bargaining agreement. *Id.* at 570. While noting that the collective bargaining agreement was a federal contract governed and enforceable by federal law, the court stated that the agreement itself was not federal law and it was the agreement that had to be construed to determine the employer's obligations and whether a default had occurred. *Id.* at 570-71.

7

Therefore the court found that "the fact that an element of the cause of action requires construction of the agreement does not present a federal question." *Id.* at 571.

While an ERISA plan is also governed by federal law, its terms are not federal law either. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.*, 514 U.S. 645, 651 (1995) (ERISA does not "requir[e] employers to provide any given set of minimum benefits, but instead controls the administration of benefit plans. . . ."). Therefore there is no federal question presented by plaintiff's claim simply because there may be a need to refer to defendant's plan documents. It also must be noted that since defendant paid plaintiff the full discounted MultiPlan rate for the services rendered to the patient and does not allege that payment was made in error, there is no genuine dispute that the hospital stay at issue was subject to the MultiPlan agreement and that defendant is liable to pay for the services rendered pursuant to that agreement.

CONCLUSION

As the foregoing establishes, defendant has failed to meet its burden of establishing that this court has jurisdiction based on a cause of action arising under federal law as alleged in defendant's notice of removal. Moreover, plaintiff has unequivocally established that its claim is neither expressly nor completely preempted. Accordingly, plaintiff's action must be remanded to the Civil Court of the City of New York for the County of New York.

Dated: White Plains, NY          WILLIAM A. HECHT, P.C.
        November 9, 2004          Attorneys for Plaintiff

                       By: s/ William A. Hecht
                             William A. Hecht, Esq. (WAH 1517)
                             690 North Broadway
                             White Plains, New York 10603
                             (914) 946-0647