UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

NYU HOSPITALS CENTER-TISCH,                    :

                     Plaintiff,                      :

                                 :

      -against-                              :

                                 :

LOCAL 348 HEALTH AND WELFARE FUND,       :

                     Defendant.                    :
-------------------------------------------------------------x

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/05**

**MEMORANDUM AND ORDER
GRANTING REMAND**

04 Civ. 6937 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff NYU Hospitals Center-Tisch moves to remand to New York City Civil Court.
The action seeks to recover $5,076.00 plus interest from defendant Local 348 Health and
Welfare Fund, and costs and attorney's fees. For the reasons stated below, I grant plaintiff's
motion to remand and I deny plaintiff's motion for costs and attorney's fees.

    This dispute arises from hospital services given by plaintiff to patient Lily Chan during
August 30-31, 2003. Plaintiff, a New York corporation, provides hospital services under
contract with MultiPlan, Inc. ("MultiPlan"), a preferred provider organization, to employees of
MultiPlan's clients, at discounted rates. If, however, payment is not made to plaintiff within a
specified period of time, plaintiff may claim the full, undiscounted charge.

    Plaintiff alleges that defendant did not pay the discounted charge within the specified
time for services plaintiff provided to Lily Chan, a participant of defendant, and claims that
defendant is therefore liable for the total, undiscounted charges less amounts paid. Plaintiff filed
suit in the Civil Court of the City of New York, County of New York. Defendant removed to

1

this court on August 26, 2004 on the grounds that the claim arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff now moves to remand.

Ordinarily, a defendant in a state court civil action is permitted to remove the action to federal district court if the latter court has original jurisdiction, 28 U.S.C. § 1441(a), which includes any action arising under federal law, 28 U.S.C. § 1331. Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Therefore, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (citing Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 12 (1983)). Whether or not plaintiff in this case anticipated a defense of preemption, plaintiff nowhere in its complaint purports to bring its case under ERISA.

However, the Supreme Court has identified an exception to the well-pleaded complaint rule. "'[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." Aetna Health Inc. v. Davila, 542 U.S. ---- , 124 S. Ct. 2488, 2495 (2004) (quoting Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)); see also Plumbing Industry Bd. v. Howell Co., Inc., 126 F.3d 61, 66 (2d Cir. 1997) ("[W]hen Congress mandates 'complete preemption' in a specific area of the law, any civil complaint

2

raising a state law claim in that area is of necessity so federal in character that it arises under federal law for purposes of 28 U.S.C. § 1331 and permits removal to federal court under 28 U.S.C. § 1441." (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-67 (1987))).

The Supreme Court has held that "ERISA is one of these statutes." Davila, 124 S. Ct. at 2495. Clearly stated, then, the Court has held that ERISA exerts a preemptive force. Id. ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-56 (1987); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 143-145 (1990))). Furthermore, the Court has made plain that "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. at 2496 (quoting Taylor, 481 U.S. at 65-66). Accordingly, "causes of action within the scope of the civil enforcement provisions of § 502(a) [29 USCA § 1132(a)] [are] removable to federal court." Id. (second alteration in original) (quoting Taylor, 481 U.S. at 66).

Traditionally, the Second Circuit has outlined a two-step examination for determining when ERISA preemption permits a valid basis for removal jurisdiction: "(1) the state law cause of action is preempted by ERISA, and (2) that cause of action is 'within the scope' of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a)." Howell Co., Inc., 126 F.3d at 66 (citing Taylor, 481 U.S. at 63-67; Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 573 (2d Cir.1995)). Recently, the Supreme Court has reformulated the inquiry: "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),

3

and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." <u>Davila</u>, 124 S. Ct. at 2496.

Defendant in this case claims in its Notice of Removal that "[t]his matter arises under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)." But this is not so. Plaintiff is not one of those authorized by ERISA to bring a lawsuit like this. Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) provides:

> A civil action may be brought--(1) by a participant or beneficiary--... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The Supreme Court analyzed this statutory provision in <u>Davila</u>, noting that

> This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to "enforce his rights" under the plan, or to clarify any of his rights to future benefits.

124 S. Ct. at 2496; <u>see</u> <u>Gerosa v. Savasta & Co., Inc.</u>, 329 F.3d 317 (2d Cir. 2003), <u>rev'g</u> 189 F.Supp.2d 137 (S.D.N.Y. 2002), <u>cert. denied</u>, 540 U.S. 967 & 1074 (2003).

Clearly, plaintiff's claim in this case is not covered by the civil enforcement mechanism permitted in 29 U.S.C. § 1132(a)(1)(B). Plaintiff is a provider of hospital services, and is neither a "participant," defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit"; nor a "beneficiary," defined as "a person designated by a participant, or by the

4

terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29

U.S.C. § 1002(7) & (8).

It is true that in the Second Circuit, "the assignees of beneficiaries to an ERISA-

governed insurance plan have standing to sue under ERISA." I.V. Services of America, Inc. v.

Trustees of American Consulting Engineers Council Ins. Trust Fund,136 F.3d 114, 117 n.2 (2d

Cir.1998). The Court of Appeals has recently elaborated on this issue as it pertains to 29 U.S.C.

§ 1132(a)(1)(B): "We have previously held that assignees have standing to sue under 29 U.S.C.

§ 1132(a) in some circumstances. For example, we have held that healthcare providers to whom

a beneficiary has assigned his or her claim in exchange for healthcare have standing to sue under

ERISA to recover for medical expenses incurred." Connecticut v. Physicians Health Services of

Connecticut, Inc., 287 F.3d 110, 115 n.4 (2d Cir. 2002) (citing I.V. Servs. of Am., Inc.); see also

Simon v. General Elec. Co., 263 F.3d 176, 178 (2d Cir. 2001) ("This narrow exception grants

standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange

for health care.") The defendant in this case, however, has made no showing of assignment in

the case before me, and I decline to conjure one up sua sponte.  Accord Pascack Valley Hosp. v.

Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 401 (3d Cir. 2004) ("As the

party seeking removal, the Plan bore the burden of proving that the Hospital's claim is an ERISA

claim.  Accordingly, the Plan bore the burden of establishing the existence of an assignment."

(citations omitted)).  Accordingly, upon the facts before me, I cannot find that plaintiff "could

have brought [its] claim under ERISA § 502(a)(1)(B)," and thus plaintiff's claim fails the

Supreme Court's test for complete preemption, and hence removal by defendant on that basis.

Davila, 124 S. Ct. at 2496.

As stated by the Supreme Court, "the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." Pilot Life Ins. Co., 481 U.S. at 54.  I hold, as did Judge Koeltl under similar facts, that "it is plain that the claims asserted by the plaintiffs are not among those enumerated in § 502(a)." Grunwald v. Physicians Health Services of New York, Inc., No. 97 Civ. 5654, 1998 WL 146226, at *7 (S.D.N.Y. March 25, 1998); see also Atlantis Health Plan, Inc. v. Local 713, I.B.O.T.U., 258 F.Supp.2d 284, 295 (S.D.N.Y. 2003) (Marrero, J.) (holding, under similar facts that "[n]one of the civil actions enumerated in § 1132 contemplates an ordinary common law contract dispute such as that presented here for collection of premiums and/or damages between parties of the kind involved in the matter at hand. [Plaintiff's] state law claims do not seek to redress, by means of that litigation, violations of rules that ERISA's civil enforcement provisions were designed to remedy").

Holding, as I do, that remand is proper because the requirements of the first half of Davila's test for complete preemption have not been met, it is unnecessary for me to perform a protracted analysis of the facts before me to determine whether "there is no other independent legal duty that is implicated by...defendant's actions," 124 S. Ct. at 2496, or whether, under Howell Co., Inc., "the state law cause of action is preempted by ERISA," 126 F.3d at 66.  I leave that analysis to the state court.

Plaintiff is entitled to judgment for its costs, to be taxed by the Clerk.  Plaintiff's motion for attorney's fees, see 28 U.S.C. § 1447(c), is denied.  There was a good faith basis for the jurisdictional contest, given the complexity of ERISA, and no particular reason has been

6

advanced to change the general rule that each party should absorb its own expenses for attorneys.

The oral argument scheduled for January 6, 2005 is hereby cancelled, as is the conference scheduled for January 7, 2005.

The Clerk of the Court shall mark this case as closed.

SO ORDERED.

Dated: New York, New York
     January ⁄6, 2005

                                 ALVIN K. HELLERSTEIN
                               United States District Judge